# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

IAN L. RAWLS,

    Plaintiff,

    v.           CAUSE NO.: 4:19-CV-3-JVB

LAPORTE COUNTY SHERIFFS DEPARTMENT, et al.,

    Defendants.

## OPINION AND ORDER

  Ian L. Rawls, a prisoner without a lawyer, filed a complaint regarding medical care at the Laporte County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  In the complaint, Rawls, a pretrial detainee, alleges that, on March 6, 2018, during his arrest, he reinjured his fractured right ring finger, and his cast was confiscated. Since that time, he has repeatedly sought medical attention from the jail staff but was never allowed to see a physician. He has also been denied access to the law library to file a claim in relation to the lack of medical treatment. For his injuries, Rawls seeks money damages.

Rawls asserts a claim against the Laporte County Sheriff's Department and Advance Correctional Healthcare for failing to treat his finger injury. Because Rawls is a pretrial detainee, "we assess [his] claim under the Fourteenth Amendment instead of the Eighth Amendment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Recently, the Seventh Circuit extended this line of reasoning to medical claims. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Notably, these two defendants are not individuals; instead the Laporte County Sheriff's Department is governmental entity and Advance Correctional Healthcare is a corporate entity. These entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather liability exists only when the execution of a policy or custom inflicts the injury. *Id.* These defendants may be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Absent an unconstitutional policy, liability may be established with a showing of "a widespread practice that, although not authorized by written law or express . . . policy, is so permanent and well settled as to constitute a custom or usage with the force of

law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The allegations suggest that Laporte County Sheriff's Department and Advance Correctional Healthcare have a policy or practice of ignoring requests for medical attention, which has resulted in a lack of treatment for Rawl's injury. Therefore, the complaint states a plausible claim of Fourteenth Amendment claim against the Laporte County Sheriff's Department and Advance Correctional Healthcare for failing to treat his finger injury.

Rawls also names the Laporte County Jail medical staff as a defendant. However, this defendant is a group of individuals rather than a single entity, and, as a practical matter, a plaintiff must identify each individual defendant by name to proceed against them. As a result, Rawls cannot proceed against the Laporte County Jail medical staff unless he amends his complaint.

Rawls also asserts a claim of interference with access to the courts. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library or legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Rawls must detail the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. Though Rawls alleges that jail staff prevented him from filing a lawsuit about his medical treatment, it is clear that he was able to do so by filing his complaint with this court. Therefore, Rawls has not plausibly alleged a claim of interference with access to the courts, and he may not proceed on this claim.

For these reasons, the court:

(1) GRANTS Ian L. Rawls leave to proceed against the Laporte County Sheriff's Department and Advance Correctional Healthcare for maintaining a policy or practice of ignoring requests for medical attention, resulting in a lack of treatment for his finger injury, in violation of the Fourteenth Amendment;

(2) DISMISSES the Laporte County Jail Medical Staff;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Laporte County Sheriff's Department and Advance Correctional Healthcare at the LaPorte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Laporte County Sheriff's Department and Advance Correctional Healthcare respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Ian L. Rawls has been granted leave to proceed in this screening order.

SO ORDERED on February 25, 2019.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge