# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| IAN L. RAWLS, <br><br> Plaintiff, <br><br> v. <br><br> LAPORTE COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | CAUSE NO.: 4:19-CV-3-JVB-JEM |

## OPINION AND ORDER

Ian L. Rawls, a prisoner without a lawyer, currently proceeds on a Fourteenth Amendment claim against the Laporte County Sheriff's Department and Advance Correctional Healthcare for maintaining a policy or practice of ignoring requests for medical attention, resulting in a lack of treatment for his finger injury. The defendants filed the instant motions for summary judgment, arguing that Rawls failed to exhaust his administrative remedies with respect to his claims.

In support of theirs motions, the defendants submitted the declaration of John Wilcher, assistant jail commander at the Laporte County Jail. ECF 35-1; ECF 38-1. He attested that a grievance process in maintained at the Laporte County Jail, and detainees have access to the grievance policy. The grievance policy sets forth a four-step grievance process. First, detainees must file a pre-grievance to allow a shift supervisor an opportunity to address the concern. If detainees are dissatisfied with the response, they may file a formal grievance to be investigated by a midnight shift corporal appointed by the jail commander. Detainees may then file a first appeal with the assistant jail commanders Finally, if detainees are dissatisfied with the assistant

jail commanders' determination, they may file a second appeal, which will be investigated by the jail commander, sheriff, or designee.

Wilcher further attests that Rawls submitted only one relevant grievance before initiating this case. On November 7, 2018, Rawls submitted a grievance in connection with his finger injury. On December 6, 2018, Rawls received a response stating that he had already seen a physician regarding the condition, and he did not appeal this response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). "[T]he Federal Rules of Civil Procedure allow parties to oppose summary judgment with materials that would be inadmissible at trial so long as facts therein could later be presented in an admissible form." *Olson v. Morgan*, 750 F.3d 708, 714 (7th Cir. 2014).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance

approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The defendants argue that Rawls failed to exhaust his administrative remedies because he did not appeal the grievance related to his finger injury. In response, Rawls broadly asserts that he complied with the grievance policy but primarily discusses his medical requests and his State tort claim. The defendants reply that Rawls offers no evidence to support that he complied with the grievance policy and that the medical requests and State tort claim are not sufficient for purposes of exhaustion.

While the defendants' arguments are not entirely without merit, a grievance record attached as an exhibit to another recently filed motion raises evidentiary concerns. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Specifically, on June 6, 2019, Rawls filed a motion to deny summary judgment (DE 27).[1] Rawls attached a grievance record indicating that, on November 7, 2018, he submitted a grievance and received a response on November 13, 2018. *Id.* at 9. It further indicates that Rawls appealed his grievance to the jail commanders and received a response on December 6, 2018. Though the grievance record itself does not indicate that he appealed the grievance a second time as required by grievance policy, Rawls handwrites that he filed a second appeal but that it was deleted from the electronic records. Rawls also attached a separate grievance record that also indicates that he appealed the grievance on November 13, 2018. *Id.* at 10. The defendants did not account for these records or for their apparent conflict with Wilcher's

---

[1] The court denied this motion as unnecessary because there was no pending motion for summary judgment at that time (DE 30).

3

attestations. This showing is sufficient to create a genuine dispute of material fact as to whether Rawls exhausted administrative remedies with respect to this grievance. Therefore, the motion for summary judgment is denied, and the defendants are ordered to notify the court as to whether they intend to withdraw the exhaustion defense or proceed with an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

For these reasons, the court:

(1) DENIES the motions for summary judgment (DE 34, DE 37); and

(2) GRANTS the defendants until August 2, 2019, to request an evidentiary hearing.

SO ORDERED on July 18,2019.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge